**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

ROGERS LATIMORE, III,                )
                                     )
      **Plaintiff,**                )
                                     )
v.                                   )          **Case No. CIV-26-99-R**
                                     )
CORECIVIC CIMARRON                   )
CORRECTIONAL FACILITY, et al.,       )
                                     )
      **Defendants.**               )

## REPORT AND RECOMMENDATION

Plaintiff Rogers Latimore, III, proceeding pro se, filed a Complaint alleging violations of his civil rights.  Doc. 1.  United States District Judge David Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  For the reasons set forth below, the undersigned recommends that the Court dismiss the action without prejudice for failure to serve.

## I.    Analysis

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed."  Additionally, under Federal Rule 4(l)(1) and Local Civil Rule 4.2, a plaintiff must prove service by filing within fourteen days either (1) proof of service or (2) waiver of service.  Plaintiff filed his complaint on January 20, 2026.  Doc. 1.  Accordingly, service must have been completed by April 20, 2026.

On April 21, 2026, noting there was no indication on the docket that Plaintiff had proven service on any Defendant, the Court ordered Plaintiff to provide such proof not later than May 4, 2026.  Doc. 9.  The Court also warned Plaintiff that "failure to do so may result

in dismissal of this action without prejudice against Defendants for whom Plaintiff has not proven service." *Id.* (citation modified).  A review of the docket indicates that Plaintiff has not filed either proof of service or waiver of service, sought additional time to complete service, or shown cause for his failure to serve Defendants.

Notwithstanding Plaintiff's failure to show good cause, the Court considers whether "a permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  In doing so, the Court considers "whether the statute of limitations would bar the plaintiff from refiling the action, whether the plaintiff has unsuccessfully attempted to serve the United States, and whether the delay in service relates to the plaintiff's pro se status or confusion or delay in obtaining permission to proceed in forma pauperis." *Johnson v. Harris*, No. CIV-23-513-SLP, 2024 WL 3857342, at *1 (W.D. Okla. Aug. 16, 2024) (citing *Espinoza*, 52 F.3d at 842 & n.8).

Here, the United States is not a Defendant in this action, there is no indication in the record of substantial delay due to Plaintiff's pro se status, and Plaintiff does not proceed in forma pauperis.

However, it does appear that a two-year statute of limitations applicable to Plaintiff's claims would bar him from refiling the action should he choose to do so.  *See Stillwell v. Neely*, No. CIV-24-482-D, 2024 WL 4437140, at *2 n.2 (W.D. Okla. Oct. 7, 2024) ("A two-year statute of limitations governs Plaintiff's § 1983 claim."); *see also Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (explaining that Oklahoma's two-year statute of limitations applies to a civil rights action brought under § 1983).  But it also appears that Plaintiff was already outside the applicable statute of limitations when he

initiated this action.  Plaintiff dated the Complaint January 8, 2026, Doc. 1 at 6,[1] but it was not filed until January 20, 2026, Doc. 1 at 1.[2]  He brings suit based on events that allegedly occurred on January 18, 2024, Doc. 1 at 4, which was more than two years before he filed the Complaint.  As such, dismissal of this action does not further prejudice him.

Having considered these factors, the undersigned recommends that the Court dismiss this action without prejudice based on Plaintiff's failure to serve Defendants.  *See, e.g., Frederick v. Hamilton*, No. CIV-24-847-SLP, 2025 WL 3899858, at *2 (W.D. Okla. Dec. 5, 2025) (recommending dismissal without prejudice when plaintiff did not establish good cause for failure to complete service and a permissive extension was not warranted) (R&R), *adopted*, 2026 WL 41330 (W.D. Okla. Jan. 6, 2026).

## II.   Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS the action without prejudice**.  Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of

---

[1] The undersigned notes Plaintiff did not sign the Complaint, Doc. 1 at 6, in violation of Federal Rule of Civil Procedure 11(a).  *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("Without any rule change so ordering, however, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names.  As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).")

[2] Though Plaintiff sues based on events that allegedly occurred when he was incarcerated, he was not incarcerated at the time he filed the Complaint.  *See* Doc. 1 at 2, Doc. 1-2 (listing address).  As such, he cannot take advantage of the prison mailbox rule.  *See Price*, 420 F.3d at 1165 (explaining the rule as it applies to inmates).

3

Court not later than June 5, 2026. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 15th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE