**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROGERS LATIMORE III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-99-R |
| | ) | |
| CORECIVIC CIMARRON | ) | |
| CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Chris M. Stephens [Doc. No. 10]. Judge Stephens recommends dismissal of the action without prejudice for failure to serve. Prior to issuing his Report, Judge Stephens ordered Plaintiff to prove timely service and warned him that failure to do so may result in dismissal of this action without prejudice [Doc. No. 9]. Plaintiff failed to respond to Judge Stephens's Order in any way. Judge Stephens thereafter issued his Report on May 15, 2026, finding the record indicated Plaintiff had failed to (1) timely serve Defendants, (2) seek additional time to serve, or (3) show cause for his failure to serve Defendants.

Judge Stephens also found that a permissive extension of time to serve, pursuant to *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995), was not warranted, even though, if Plaintiff's action were dismissed, the statute of limitations would likely bar Plaintiff from refiling. In so finding, Judge Stephens noted that Plaintiff's Complaint had *already* been filed outside the applicable limitations period, and thus dismissal of his action would not

1

further prejudice him. Judge Stephens also warned Plaintiff that a failure to object to the Report and Recommendation in a timely manner would waive his right to appellate review of the factual and legal issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Plaintiff, who according to the record is not currently incarcerated and thus cannot benefit from the prisoner mailbox rule, has neither objected to the Report and Recommendation, nor has he sought or been granted an extension of time in which to object. And though summons issued as to Defendant CoreCivic Cimarron Correctional Facility on May 27, 2026 [Doc. No. 11], and was returned executed on June 29, 2026 [Doc. No. 12], Plaintiff still has failed to submit anything to this Court regarding Judge Stephens's Report or indicating an extension of time to serve would be proper.

Under the "firm waiver rule," by failing to file an objection, Plaintiff has waived this Court's de novo review of Judge Stephens's findings. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059-60 (10th Cir. 1996). But the firm waiver rule does not apply "'(1) [when] a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review.'" *Villanueva Echon v. Sackett*, 809 F. App'x 468, 471 (10th Cir. 2020) (unpublished) (quoting *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005)).

The first exception does not apply here because Judge Stephens informed Plaintiff of the time period for objecting and consequences of failing to do so.

The second exception, "interests of justice," "'expressly includes review of a litigant's unobjected-to substantive claims on the merits, [and] is similar to reviewing for

plain error.'" *Id.* (quoting *Morales-Fernandez*, 418 F.3d at 1119). Courts also use "several factors to determine whether to invoke the exception." *Id.* (quoting *Morales-Fernandez*, 418 F.3d at 1120). "'For instance, a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised are all relevant considerations in this regard.'" *Id.* (quoting *Morales-Fernandez*, 418 F.3d at 1120).

Though Plaintiff has, it seems, attempted to serve Defendant CoreCivic, he has made no effort to address the timeliness of his service, nor does the record indicate he has made any effort to respond to Judge Stephens's Report or explain his failure to comply.

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122-23 (quotation omitted). Even if Judge Stephens made some plain error in his Report, to "establish that the error affects his substantial rights, [Plaintiff] bears the burden of showing a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *Id.* at 1124 (quotation and alterations omitted). Plaintiff has not argued, nor does this Court find, that the Report's findings constitute "plain error."

As Judge Stephens indicated, the most recent event cited by Plaintiff as giving rise to his § 1983 claims occurred on January 18, 2024, but he did not file his Complaint until January 20, 2026. It thus appears that even if Plaintiff's action was not dismissed for failure to comply with Rule 4(m), the result would not have been different, because Plaintiff's claims appear to have been time-barred before he brought this action. *See Price v. Philpot*,

3

420 F.3d 1158, 1162 (10th Cir. 2005); *Stillwell v. Neely*, No. CIV-24-282-D, 2024 WL 4437140, at *2 n.2 (Oct. 7, 2024) ("A two-year statute of limitations governs Plaintiff's § 1983 claim.").

And even if this action is, for some reason, not time-barred, "Oklahoma's savings statute will provide Plaintiff with an additional period of time to bring an action against Defendants if his claims herein are dismissed pursuant to Rule 4(m)." *Manning v. Lester*, No. CIV-13-150-M, 2013 WL 6633962, at *2 (W.D. Okla. Dec. 17, 2013) (citing OKLA. STAT. tit 12, § 100). *See* OKLA. STAT. tit. 12, § 100 ("If any action is commenced within due time, and . . . the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the . . . failure although the time limit for commencing the action shall have expired before the new action is filed."); *Williams v. City of Guthrie*, 109 F. App'x 283, 286 (10th Cir. 2004) (unpublished) (finding Oklahoma savings statute applied to § 1983 claim); *Powell v. Bd. of Cnty. Comm'rs*, No. CIV-18-294-D, 2019 WL 2238022, at *9 (W.D. Okla. May 23, 2019) (though more than two years had elapsed since the incidents that gave rise to plaintiff's § 1983 cause of action, court denied permissive extension of time to serve and noted Oklahoma's savings statute may provide plaintiff additional time to bring his § 1983 claims if they were dismissed pursuant to Rule 4(m)).

Accordingly, this Court simply cannot conclude that dismissal for failure to comply with Rule 4(m) is plain error or that the interests of justice dictate it should conduct a de novo review of the findings in Judge Stephens's Report.

Given that (1) Plaintiff has failed to demonstrate good cause for his failure to timely

serve the Defendants and to object to Judge Stephens's Report, (2) the limitations period for Plaintiff's § 1983 action had seemingly already expired prior to his filing of the Complaint, and (3) even if the limitations period hadn't expired, Oklahoma's savings statute will likely allow Plaintiff to re-file his Complaint if appropriate, the Court cannot find a reason to reject Judge Stephens's Report and Recommendation.

Therefore, the Report and Recommendation is ADOPTED in its entirety and this action is DISMISSED WITHOUT PREJUDICE for failure to comply with Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED this 2nd day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE